## NEW MARLBOROUGH.

Depositions are not admissible in evidence, to invalidate an election, unless the member whose right is in question has been notified of the intention to take them, or was present at the taking thereof.

Where the right of an elector to vote, at an election of representative on the 9th of November, 1835, was called in question, on the ground, that he had not paid the requisite tax ; and it appeared, that such elector had not paid any county tax assessed in the year 1834 or in 1835, previously to the day of the election ; but it did not appear, that no county tax was assessed between the 9th of November, 1833, and the assessment of taxes for 1834 ; it was held, that the evidence produced did not cover the whole term of two years next preceding the day of the election, and did not invalidate it.

THE election of Levi L. Smith, returned a member from this town, was controverted by Benjamin Wheeler, Jr. and others, in a petition upon which the committee on elections made the following report :—

" The said petition sets forth, that, at a legal meeting of the inhabitants of said town for the choice of representatives, held on the ninth day of November last, the said Levi L. Smith was declared chosen, and that he has been returned, as representative of said town.

The petitioners allege, that said Smith was not legally chosen a representative, " because his election was procured by the votes of persons who were not qualified to vote, as the constitution provides ; that the names of Luther Brown, Spellman Curtis, Asher Daniels, Gideon Granger, Salmon Hall, William Jackway, Thomas King, Ezra Olds, Jonathan Olds, Jonathan Olds, Jr., Zenas Rhoades 2d, Theophilus Smith, John Stannard, Joseph Stannard, Aaron Stevens and Newman Wheeler, were placed on the list of voters by the selectmen of said town ; and that they, the said Brown, and the others above named, neither of whom had paid, by himself, or by his parent, master, or guardian, any state or county tax, which had, within two years next preceding said election been assessed on him, in any town or district of this commonwealth, and neither of whom was exempted by law from taxation, were permitted to vote, and did vote, at said meeting in the choice of representative."

The petitioners declared, that their interposition was not made from feelings adverse to the sitting member,—whom they consider an honest man and a respectable and worthy citizen,—but from a desire that the constitution and laws in relation to elections should be regarded and obeyed ; and they concluded by praying, " that the election of said Smith may be declared void, and his seat in the house vacated."

Sundry depositions were offered, and,—it not appearing that the sitting member had been notified of the intent to take them, or been present thereat,—were rejected by the committee.

The evidence in the case, received by the committee, is contained in the depositions of Joseph W. Howe, Harlow S. Underwood, and Salmon G. Keyes, and is as follows:—

Joseph W. Howe is town clerk of New Marlborough, and testifies, that at a legal meeting of said town, held on the ninth day of November last, for the choice of governor, &c., Levi L. Smith was declared chosen as a representative to represent said town in the present general court; that the votes at said meeting were : For Levi L. Smith, 179; Henry Wheeler, 156; scattering, 15 ; and that the said Luther Brown and the fifteen others before named, together with one Rosewell Cove, voted at said meeting.

Harlow S. Underwood testifies, that he was chosen collector of taxes for the town of New Marlborough, on the third of March, 1834, that the assessors of said town committed to him, for collection, the tax list for town, school, and county tax, dated September 12th, 1834; and that the persons above named, to wit, Luther Brown and others, including Rosewell Cove, have not paid any tax to him.  This deposition was taken January 2d, 1836.

Salmon G. Keyes testifies, that he was chosen collector of taxes for the town of New Marlborough, in March, 1835, that the assessors of said town committed to him for collection, lists of town, school, and county taxes, dated October 2d, 1835 ; and that Luther Brown and the others above named, including Rosewell Cove, had not paid him previously to the town-meeting in November last, for the choice of governor, &c., in any way, any tax, or part of a tax.

The foregoing is all the evidence received by the committee.

The petitioners allege the disqualifications of the said Luther Brown and others, who are proved to have voted in the election of the returned member, to consist in *the omission to pay the tax required by law*, as one of the requisites to a legal vote.

The constitution (Amendments, art. III) requires, as prerequisite to the right to vote in the election of representative,

the payment of any state or county tax, which shall, within two years next preceding the election, have been assessed upon the voter, in any town or district of the commonwealth.

County taxes are annually granted by a resolve of the legislature. The resolve for county taxes for the year 1833 was passed January 25th of that year. The committee find no law, requiring county commissioners to issue their warrants for assessing county taxes, within any prescribed time or portion of the year. The evidence shows, that the said supposed illegal voters had not paid to the collectors of New Marlborough any county tax assessed in the year 1834, or in 1835, previously to the ninth of November. But it does not appear, that no county tax was assessed between the ninth of November, 1833, and March, 1834; and, inasmuch as the petitioners are bound to produce satisfactory evidence of disqualification, and the evidence produced does not cover the whole term of two years next preceding the election, the committee think the sitting member is entitled to the presumption of law, that the persons who were permitted to vote in the elections were legally qualified.

Wherefore the committee are of opinion, and do report, that the right of Levi L. Smith to his seat as representative from New Marlborough is not disproved by the evidence in the case.[1]

This report was agreed to.[2]

[Among the depositions on file are several which were rejected by the committee, for the reasons stated by them in the report, which furnish evidence, as to some of the voters questioned, covering the whole term of two years next preceding the election, that they had not paid any tax assessed upon them during that period. If these depositions had been admissible in evidence, it is fairly to be inferred from the course of reasoning adopted by the committee, that the election would have been declared void, provided the number of illegal votes had been sufficient if rejected, to prevent a choice.]

[1] 57 J. H. 214.          [2] Same, 255.